UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| G. MICHAEL STRAUSS,<br><br>    Plaintiff,<br><br>    v.<br><br>DONNA HAMILTON, *et al*,<br><br>    Defendants. | Case No.  C05-5772FDB<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for March 31, 2006 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff in this case is a resident at the Washington State Department of Social and Health Services' Special Commitment Center.  Plaintiff filed a motion to proceed *in forma pauperis* (Dkt. # 1), but has since paid the court filing fee.  Accordingly, the Court should deny the motion.

DISCUSSION

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  See 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

On November 29, 2005, the clerk received plaintiff's complaint and motion to proceed *in forma pauperis*. (Dkt. #1).  On January 13, 2006, the undersigned ordered plaintiff to cure certain deficiencies in his motion, or show cause why this matter should not be dismissed. (Dkt. #3).  On February 8, 2005,

plaintiff paid the filing fee, stating that he was withdrawing his application to proceed *in forma pauperis*. (Dkt. #4 and #5). Because plaintiff has paid the filing fee and has indicated his intent to withdraw his application to proceed *in forma pauperis*, that application is therefore moot.

### CONCLUSION

Because plaintiff has paid the court filing fee and has indicated his intent to withdraw his application to proceed *in forma pauperis*, the undersigned recommends the court deny his application.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), petitioner shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **March 31, 2006**, as noted in the caption.

DATED this 7th day of March, 2006.

Karen L. Strombom
United States Magistrate Judge