UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

G. MICHAEL STRAUSS,

    Plaintiff,

  v.

DONNA HAMILTON, *et al.*,

    Defendants.

Case No. C05-5772FDB

ORDER DENYING PLAINTIFF'S MOTION TO OPEN DISCOVERY AND DENY OR STAY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    This Civil Rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Currently pending on the court's docket for consideration on May 12, 2006, is defendants' motion for summary judgment. (Dkt. # 16). Before the court today is plaintiff's motion to open discovery and deny or stay defendants' motion for summary judgment. (Dkt. # 18). Having considered the motion, response of defendants, plaintiff's reply, and the balance of the record, the court finds that plaintiff's motion should be **DENIED**.

    Rule 56(f) permits continuance of a motion for summary judgment only where the moving party shows by affidavit that the party cannot present facts essential to justify the party's opposition and states the reasons therefore. Fed.R.Civ.P. 56(f). The moving party has the burden to set forth sufficient facts to show that the evidence sought exists. Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995). The moving party must demonstrate that "additional discovery would uncover specific facts

ORDER - 1

which would preclude summary judgment." See Maljack Prods., Inc. v. Good Times Home Video Corp., 81 F.3d 881, 888 (9th Cir. 1996). Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certain nonexistent or is the object of pure speculation. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991).

Plaintiff alleges that Defendant Hamilton violated his rights by taking steps to expedite the delivery of a package of pleadings addressed to her before it entered the U.S. Mail. Defendants admit in their answer that Defendant Hamilton took steps to expedite the delivery of a package of pleadings plaintiff addressed to her before it entered the U.S. Mail. Therefore, the facts are not in dispute. The only question left for determination is whether Defendant Hamilton's action constituted a constitutional violation which caused harm to plaintiff.

Plaintiff states that it would be improper to grant summary judgment without first allowing discovery and that given more time to conduct discovery, genuine issues of material fact will be found. Plaintiff fails, however, to allege violation of a constitutional right as required by 42 U.S.C. § 1983, and fails to show how discovery will produce evidence that will establish such a violation. Plaintiff also fails to set forth with particularly the information he hopes to gain through additional discovery. Plaintiff has presented no evidence that discovery will uncover facts that, even if established, would preclude summary judgment.

Plaintiff's motion to open discovery and deny or stay defendant's motion for summary judgment (Dkt. # 18) is **DENIED.**

DATED this 11th day of May, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2