UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

G. MICHAEL STRAUSS,

  Plaintiff,

  v.

DONNA HAMILTON, *et al*.,

  Defendants.

Case No. C05-5772FDB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**June 9, 2006**

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff contends that defendants violated his rights of access to the mails, free speech, to petition for redress, to be free from unreasonable searches and seizures, due process, equal protection. Plaintiff also alleges that defendants violated various DSHS and SCC policies. Before the court is defendants' motion for summary judgment. (Dkt. # 16). Plaintiff has not responded.[1] Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the motion has merit.

---

[1] Plaintiff filed a motion to deny or stay the instant motion for discovery purposes, but that motion was denied on May 11, 2006. (*See* Dkt. # 18, 19 and 21).

REPORT AND RECOMMENDATION 1

The named defendants are Donna Hamilton, an Assistant Attorney General, and Jerilee Jones, the SCC Mail Services Supervisor who processed Plaintiff's mail. (Dkt. # 6).

## I. FACTS

Plaintiff has not contradicted defendants' facts which are adopted as follows:

Since July 28, 1999, plaintiff has been committed as a sexually violent predator at the Special Commitment Center (SCC), a Washington Department of Social and Health Services (DSHS) facility for the care and confinement of persons detained or civilly committed under Wash. Rev. Code ch. 71.09.

Plaintiff's claims in this action arise from events that occurred in the course of prior litigation between plaintiff and staff of the SCC. In Strauss v. Nerio, plaintiff filed a § 1983 action in U.S. District Court in Tacoma against various SCC employees, alleging that they unreasonably burdened the exercise of his religious beliefs. Strauss v. Nerio, No. C02-5544RJB, (Dkt. # 5). Defendant Hamilton represented the SCC. Defendant Jones processed plaintiff's legal mail, the mailing which gave rise to plaintiff's action against Defendants Hamilton and Jones in this case.

In response to plaintiff's § 1983 action in Nerio, the Nerio defendants, represented by Defendant Hamilton, filed a motion for summary judgment on May 10, 2004. (Id. at Dkt. # 144). Plaintiff's response to that motion was due on June 1, 2004. CR 7(d)(3). On May 26, 2004, plaintiff moved for a 30-day extension to file his response to the motion. (Id. at Dkt. # 154). The District Court granted plaintiff's motion on June 9, 2004, allowing plaintiff additional time until July 12, 2004 to file his response. (Id. at Dkt. # 167). The Nerio defendants' reply was due on July 15, 2004, three days after plaintiff's deadline to file and serve his response. (Id. at Dkt. # 169).

Defendant Hamilton did not receive plaintiff's response on the due date, July 12, and still had not received it on the morning of July 14, the day before the defendants' reply was due. Id. At 8:45 a.m. on July 14, Defendant Hamilton telephoned Defendant Jones to inquire whether the SCC mail room had received any legal mail from plaintiff addressed to either Defendant Hamilton or the Court. (Id.). Defendant Jones told Defendant Hamilton that when she arrived for work that morning, she had a voice mail message dated 6:30 p.m. from the previous evening. (Id. at Dkt. # 170). The message stated that plaintiff had just delivered two large boxes marked as legal mail to unit staff for delivery to the mail room. (Id.). Defendant Jones also reported that at about 8:35 a.m. on July 14, she had received from unit staff two boxes marked as "legal mail" addressed to Defendant Hamilton and the Court. (Id.). The box addressed to Defendant Hamilton weighed 12 pounds, and the box addressed to the Court weighed 25 pounds. (Id.). SCC policy requires that residents obtain approval from mailroom staff for outgoing packages exceeding 15 pounds. (Declaration of Becky Denny, Attach. A to Dkt. #16).

Plaintiff failed to comply with SCC policies regarding outgoing packages in several ways. He failed to obtain approval from the mail staff for the overweight package; failed to bring it to the mail staff because the packages were too large for the mailbox; and failed to request that mail staff verify the contents and initial it before taping. (Id.).

Despite Plaintiff's failure to comply with SCC policies, Defendant Hamilton directed Defendant Jones to disregard those violations and to immediately mail the box addressed to the Court. (Nerio, Dkt. # 169). Defendant Jones complied and had the box delivered to the U.S. Post Office in Steilacoom via the 2:30 p.m. boat from McNeil Island to the mainland. (Id. at Dkt. # 170). Defendant Hamilton directed Defendant Jones to deliver the box addressed to Defendant Hamilton to the SCC's administrative office in Steilacoom. Defendant Hamilton then arranged to have a staff member from her office retrieve the box and deliver it to her office in Lacey. (Id.). Defendant Hamilton received the box at approximately 4:00 p.m. on July 14, nine business hours before the defendant's reply was due to the

REPORT AND RECOMMENDATION 2

Court. (Id.). On July 15, the Nerio defendants moved to strike plaintiff's response as untimely, or in the alternative, for additional time to reply to plaintiff's response. (Id. at Dkt. # 168). That motion was denied with a finding that plaintiff had provided his response in a timely fashion to the appropriate SCC staff. (Id. at Dkt. # 178). Ultimately, the court granted the Nerio defendants' motion for summary judgment and dismissed plaintiff's claims with prejudice. (Id.).

(Dkt. # 16, pages 1-5).

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated SCC policies, state law, and plaintiff's constitutional rights. Specifically, plaintiff alleges that defendants violated (1) his right to "access the mails" and to send and receive mail by "failing to properly deliver as addressed, plaintiff's outgoing legal mail"; (2) his First Amendment rights, including the right to free speech and the right to petition the government for a redress of grievances by "denying [him] meaningful access to the courts and the mails and censorship thereof"; (3) his Fourth Amendment right to be free from unreasonable searches and seizures by "seizing" plaintiff's legal mail; (4) his right to due process of law by "seizing" plaintiff's mail without notice to him; (5) his equal protection rights by "seizing" plaintiff's mail; and (6) unspecified state law, DSHS regulations and SCC policies. (Dkt. # 6, pages 8-12). Plaintiff requests money damages and declaratory and injunctive relief and seeks referral of the matter to the prosecutor's office should the court find "that a criminal offense was committed by defendants." (Dkt. # 6, pages 12-14).

Defendants seek summary dismissal of all of plaintiff's claims based on plaintiff's failure to identify a violation of any constitutional right. Defendants argue that neither plaintiff's violations of SCC mail policy nor Defendant Hamilton's alternative efforts to obtain the package addressed to her in order to allow sufficient time to reply interfered with plaintiff's access to the courts. Rather, the Court accommodated plaintiff's need for additional time, granted him a lengthy extension and accepted the response brief contained in the package addressed to the court as timely. Therefore, defendants argue that plaintiff cannot dispute that the Court's granting of summary judgment dismissal of his claims with prejudice were unrelated to the mailing of the packages at issue. This court agrees.

REPORT AND RECOMMENDATION 3

## II. DISCUSSION

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630 (relying on Anderson, supra). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

REPORT AND RECOMMENDATION 4

B. <u>Analysis</u>

  (1)  <u>Claims Against Defendants in Their Official Capacities</u>

    Plaintiff has sued both defendants in their individual and official capacities. Absent a waiver of sovereign immunity, neither states nor state officials in their official capacities are subject to suit in federal court under 42 U.S.C. § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989). The limited exception found in <u>Ex parte Young</u>, 209 U.S. 123 (1908), allowing the enjoining of state officials from a continuing violation of federal law, does not exist here. Therefore, all claims against defendants in their official capacities must be dismissed.

  (2)  <u>Denial of Access to Courts</u>

    Plaintiff claims that defendants denied him access to the courts in violation of the First and Fourteenth Amendments of the U.S. Constitution. (Dkt. # 6 at 9-12). The Fourteenth Amendment guarantees individuals in state custody meaningful access to the courts, a right which is an aspect of the First Amendment right to petition the government for a redress of grievances. <u>Bill Johnson's Restaurants, Inc. v. N.L.R.B.</u>, 461 U.S. 731, 741 (1983).

    An individual alleging denial of access to the courts must demonstrate "actual injury" to prevail. <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996). Actual injury consists of a specific instance in which the individual was actually denied access to the courts. <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir. 1989). Plaintiff was never denied access to the courts. It is undisputed that the court received the package and considered plaintiff's response to the pending summary judgment motion. Therefore, plaintiff cannot establish that he was denied access to the courts and those claims must be dismissed.

  (3)  <u>Violation of First Amendment Rights</u>

    Restrictions on the delivery of mail in an institutional setting may violate a detainee's ability to exercise his First Amendment rights. <u>Morrison v. Hall</u>, 261 F.3d 896, 906 (9th Cir. 2001). In this case, there was no interference with the receipt of plaintiff's mail and both packages were delivered to their addressees. Plaintiff fails to establish a constitutional violation and this claim must be dismissed.

    Plaintiff also alleges that his legal mail was "seized and removed from normal routing of U.S. Mail, was held for days and given to a third person, without notice to plaintiff." The undisputed

REPORT AND RECOMMENDATION 5

facts do not bear out this allegation.  Rather, plaintiff's mail was retrieved and delivered directly to the addressee within hours of its receipt by the SCC mailroom.  Similarly, plaintiff's claim that his First and Fourteenth Amendment right to be free from censorship must fail because there is no evidence that the contents of plaintiff's packages were "removed, edited or otherwise censored."   Accordingly, plaintiff's claims of violations of his First Amendment rights must be dismissed.

### (4)   Violation of Fourth Amendment Rights

A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property.  United States v. Jacobsen, 466 U.S. 109, 113 (1984).  A person mailing a package has a legitimate interest that the package will not be opened and searched en route to the addressee.  United States v. Hernandez, 313 F.3d 1206, 1209 (9th Cir. 2002).  In an institutional setting, restrictions on outgoing mail, including censorship, are justified if reasonably related to an important government interest.  Thornburgh v. Abbott, 490 U.S. 401, at 413-14 (1989).

Both of the packages at issue were delivered to the addressees within hours of their receipt in the SCC mailroom.  There is no evidence that the packages were opened or searched en route to the addressees nor is there any allegation to that effect.  Therefore, there has been no search and seizure and plaintiff's Fourth Amendment claims must be dismissed.

### (5)   Violation of Due Process Rights

Plaintiff alleges that defendants violated his due process rights by failing to notify him that his legal mail had been "seized" and to provide plaintiff with the means to appeal the alleged "seizure," together with administrative due process or other safeguards regarding the handling of his outgoing mail.  As noted above, the uncontested facts establish that plaintiff's mail was neither "withheld" nor "seized."  Plaintiff has, therefore, failed to identify a constitutionally protected life, liberty or property interest.  *See, e.g.*, Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  Additionally, SCC has published policies regarding grievance procedures and these are made available to SCC residents.  Therefore, plaintiff's claims that defendants failed to provide procedural safeguards or a means of appealing the manner in which his mail is processed are unfounded and must also be dismissed.

### (6)   Violation of Equal Protection Rights

REPORT AND RECOMMENDATION 6

Plaintiff alleges that defendants violated his equal protection rights when they "seized" his outgoing mail. To state a § 1983 claim for violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants have adopted a classification that affects two or more similarly situated groups in an unequal manner and that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (*quoting* Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999)). There are no facts in this case to support an allegation that plaintiff was part of a group that was treated differently. Because plaintiff has failed to raise a genuine issue with respect to unequal treatment of similarly situated groups, his equal protection claim must be dismissed.

(7)   Violation of State Law/SCC Policy

Plaintiff also alleges that defendants violated "state law and the regulations of the Washington Department of Social and Health Services." This allegation fails to set forth a specific state statutory or constitutional claim. *See* State v. Gunwall, 106 Wash. 2d 54, 720 P.2d 808 (1986). In addition, there is no evidence that any state law or regulation has been violated. Because plaintiff has no viable state claim, these allegations must also be dismissed.

III. CONCLUSION

For the reasons stated above the court should **GRANT** defendants' motion for summary judgment and dismiss plaintiff's claims with prejudice. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 9, 2006**, as noted in the caption.

REPORT AND RECOMMENDATION 7

DATED this 18th day of May, 2006.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION 8